561 P.2d 377 (1977)
Tim BROGAN, Plaintiff-Appellee,
v.
BILL EGER MOTORS, INC., a Colorado Corporation, Defendant-Appellant.
No. 76-153.
Colorado Court of Appeals, Div. III.
March 3, 1977.
Henry & Henry, James C. Henry, Lakewood, for defendant-appellant.
Selected for Official Publication.
No appearance for plaintiff-appellee.
SILVERSTEIN, Chief Judge.
This is an action for withheld wages, brought pursuant to § 8-4-104, C.R.S.1973. Defendant employer appeals from a judgment awarding plaintiff the net wages due, plus a 50% penalty and costs. We modify and affirm.
The employer contends that the evidence was insufficient to support the finding that defendant owed plaintiff $5,687.90 in wages and commissions. Viewing the evidence in the light most favorable to the successful party, as we must, Gleason v. Phillips, 172 Colo. 66, 470 P.2d 46, we determine that the evidence supports the finding, except for the arithmetical error discussed below.
Plaintiff was hired by defendant to manage a used car lot. Their contract provided that plaintiff was to be paid $500 every two weeks, plus 25% of the annual net profit from the operation of the lot. The contract could be terminated by either party at any *378 time, with or without cause. After about one year the employer decided to change the operation on the lot from the used car business to the selling of mobile homes. The plaintiff declined to operate the changed business, and in December obtained other employment. At his employer's request, plaintiff did some work in liquidating the used car inventory before he left for his new job.
During the term of the contract the employer issued monthly statements showing the monthly net profit, which was measured by the increase in the inventory's net worth. All months, except the final one, showed a net profit. The final month, in which the liquidation began, showed a loss, as did the next two months during which the liquidation was completed.
Plaintiff was regularly paid the $500 every two weeks, with exceptions not material here. However, the employer failed to pay plaintiff the commission on the annual net profit, contending that such profit could not be determined until the employer had completely liquidated the used car inventory. Plaintiff contended that he was entitled to the percentage shown on the December financial statement, which was based on the annual net profit. The evidence establishes that plaintiff, under the contract, was entitled to a commission based on the annual net profit as shown on the financial statement, and that the employer attempted unilaterally to change the contract.
Using that annual net profit figure, the commission due was computed to be $7,787.90. This was error. The net profit was $29,391.48, and 25% of that is $7,347.87. After deducting $2100 which plaintiff had previously received, plaintiff should have been awarded $5,247.87, instead of the $5,687.90 awarded by the court.
Defendant next contends that there was no justification for awarding the 50% penalty. Section 8-4-104(3), C.R.S.1973, provides that if the employer refuses to pay requested wages "without a good-faith legal justification for such refusal, the employer is liable to the employee, in addition to the compensation legally proven to be due, in an amount equal to 50% thereof as a penalty for such refusal." In Hofer v. Polly Little Realtors, Inc., Colo.App., 543 P.2d 114, this court interpreted "[refusal to pay] without a good-faith legal justification" to mean "willfully withheld."
Hence, the question presented here is whether employer's refusal to pay the commission until the liquidation was completed and then his refusal to pay because his liquidation yielded a loss for the lot constituted a wilful withholding of wages.
If there is a bona fide dispute as to wages due and the employer tenders the amount admittedly due, then no penalty is assessed. Clevy v. O'Meara, 236 La. 640, 108 So.2d 538; Duhon v. Prof Erny's Music Co., La.App., 328 So.2d 788; Simon v. Tramway Co., 8 Wash.App. 289, 505 P.2d 1291. Nor is a penalty assessed where the issue of the amount is resolved in favor of the employer. Gawthrop v. Missouri Pacific Ry., 147 Kan. 756, 78 P.2d 854. However here the dispute arose because the employer, for his own purposes, attempted to modify unilaterally the contractual agreement and impose a new condition (liquidation before determination of profit). As the Louisiana appellate court stated in a case construing a similar statute, "We do not think the statute permits the employer's desires, conveniences or procedures to condition the payment of wages." Duhon v. Prof Erny's Music Co., supra.
Furthermore the trial court found on conflicting evidence that defendant was not contesting plaintiff's wages in good faith. We will not interfere with that determination. Thiele v. State, 30 Colo.App. 491, 495 P.2d 558. Thus the defendant correctly was subjected to a 50% penalty. Because we have modified the amount of wages due ($5,247.87) the 50% figure must also be adjusted to $2,623.94.
The trial court denied an award of attorney's fees because there was no showing of reasonable fees. Although the trial court should have required a hearing on *379 that issue, Keeton v. Rike, Colo.App., 559 P.2d 262 (announced January 6, 1977), the issue was not raised in a motion for new trial and plaintiff entered no appearance in this appeal. Therefore the omission will not be considered here.
The judgment is modified by reducing the award to $5,247.87 in wages, and $2,623.94 for penalty, and as modified, is affirmed.
RULAND and BERMAN, JJ., concur.