## No. 28428

**Viola A. Hartman v. A. M. Freedman, Individually and doing business as Personnel Placements, Inc., and doing business as Al Freedman and Company and Ralph Jorba**

(591 P.2d 1318)

Decided March 19, 1979.

Robert L. Harris, for plaintiff-appellee.

Duncan Cameron, Raymond J. Miller, James S. MacDonald, for defendants-appellants.

*En Banc.*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

The defendant (employer) appeals the judgment of the trial court in favor of the plaintiff (employee) for past compensation, statutory penalties, and attorney's fees. We modify the judgment of the district court and affirm that judgment as modified.

The plaintiff worked for the defendant from February of 1968 through August of 1975 as a placement counselor and manager of the defendant's employment agency. Her compensation consisted of commissions, and her benefits included vacation pay. Upon termination of employment, she sought past commissions and vacation pay due her. She and the defendant were unable to agree on the proper amount to be paid. Recourse to the Colorado Labor Department did not resolve the dispute, and the plaintiff instituted an action in the Denver District Court. After trial to the court, judgment was awarded to the plaintiff for $2,736.78 in past compensation, $1,368.39 in statutory penalties, and $2,345.95 in attorney's

fees.

The defendant challenges that judgment on four grounds: first, that the award of $900 vacation pay is not supported by the evidence or, in the alternative, is not subject to the fifty percent statutory penalty of section 8-4-104, C.R.S. 1973; second, that the court relied on matters not admitted into evidence in reaching its judgment; third, that the court erred in its computation of the amounts owed; and fourth, that the award of attorney's fees under section 8-4-114, C.R.S. 1973, was both unconstitutional and excessive. We reject these contentions.

■ In contesting the court's judgment for vacation pay, the defendant argues that the amount is excessive because the court included $150 for the first year of employment despite the fact that such benefits did not apply to that year. This was clearly an issue of fact; the decision of the district court, as trier of fact, will not be disturbed on appeal absent a clearly erroneous ruling. *Peterson v. Ground Water Commission,* 195 Colo. 508, 579 P.2d 629 (1978). *Adler v. Adler,* 167 Colo. 145, 445 P.2d 906 (1968).

The defendant also contends that the inclusion of the vacation pay in the amount subject to the fifty percent penalty under section 8-4-104(3), C.R.S. 1973, was improper. There are three bases for this position: first, that vacation pay does not constitute "wages or compensation" under the statute; second, that even if vacation pay is within that category, it is deferred compensation under section 8-4-105(3), C.R.S. 1973, and thus not subject to the penalty; and third, that to the extent that $750 was not in dispute, the defendant could not be found in bad faith in withholding that amount.

Section 8-4-104, C.R.S. 1973, provides in pertinent part:

"(1) When an interruption in the employer-employee relationship by volition of the employer occurs, the wages or compensation for labor or service earned and unpaid at the time of such discharge is due and payable immediately. When an employee not having a written contract for a definite period quits or resigns his employment the wages or compensation shall become due and payable upon the next regular payday unless such employee has given seventy-two hours' previous notice of his intention to quit, in which latter case such employee is entitled to his wages or compensation within three business days after the time of quitting.

. . . .

"(3) If an employer refuses to pay wages or compensation in accordance with subsection (1) of this section upon request by the employee and without a good-faith legal justification for such refusal, the employer is liable to the employee, in addition to the compensation legally proven to be due, in an amount equal to fifty percent thereof as a penalty for such refusal."

No Colorado court has directly addressed the question whether vacation pay falls within the definition of "wages or compensation." Those

terms are defined in section 8-4-101(9), C.R.S. 1973:

"'Wages' or 'compensation' means all amounts for labor or service performed by employees . . . ."

There is a substantial amount of persuasive authority that vacation pay is within the scope of this definition. It is taxable as income. I.R.C. §§ 61, 3401. It is considered compensation in computing unemployment benefits. Section 8-73-110(1)(b), C.R.S. 1973. Courts of other states have held in various factual contexts that vacation pay should be considered to be compensation.[1]

■ It is apparent in this case that vacation pay was owed to the plaintiff in compensation for her work. We thus hold that the trial court properly included that amount under "wages or compensation" to which the statutory penalty attached.

■ The defendant further argues that even if vacation pay is compensation, it is "deferred compensation" under section 8-4-105(3), C.R.S. 1973, which states:

"Nothing in this article shall apply to compensation payments due an employee under a profit-sharing plan, a pension plan, or other similar deferred compensation programs."

We disagree. The purpose of this subsection is to remove complex contingent benefits from the remedial provisions of the article. Unlike the deferred compensation programs listed in the statute, vacation pay — like wages — is both vested and determinable as of the date of termination. Had the legislature intended to include vacation pay with the dissimilar benefits of pension plans and profit-sharing plans, it could have done so by express statutory language. Absent such language, we hold that "deferred compensation programs" do not encompass vacation pay.

■ The defendant contends that, if vacation pay is compensation subject to the penalty of section 8-4-104(3), C.R.S. 1973, the amount in dispute for the purposes of determining that penalty is not the entire $900. The rationale for this argument is that the defendant conceded from the outset that he owed the plaintiff $750 in vacation pay and, as such, he could not be found to be in bad faith regarding that amount. The defendant's argument is without merit. The penalty provisions of this statute apply to amounts which are due to the employee and are withheld by the employer not in good faith. The defendant did not pay the plaintiff the undisputed $750 and confine his wrongful retention to $150. The penalty applies to the full amount proven to be due which has not been paid, in

---

[1] *See Jones v. District Parking Management*, _____App. D.C. _____, 268 A.2d 860 (1970); *Lim v. Motor Supply, Ltd.*, 45 Hawaii 111, 364 P.2d 38 (1961); *Livestock Feed, Inc. v. Local Union No. 1634, Congress of Industrial Workers*, 221 Miss. 492, 73 So.2d 128 (1954); *Tynan v. KSTP, Inc.*, 247 Minn. 168, 77 N.W.2d 200 (1956); *Valeo v. J. I. Case*, 19 Wis.2d 27, 119 N.W.2d 384 (1963).

this case, $900.

The defendant's second line of argument is that the trial court relied on exhibits which were not admitted into evidence in rendering its judgment. Upon reading the written order and judgment of the district court, it appears that it relied not on the exhibits alone, but on the facts which were verified in testimony and summarized in the exhibits. It is elementary that the trier of fact can look to either testimony or exhibits which have been admitted into evidence for the facts upon which to base his decision. Where the issue is tried to the court, it will not be presumed that weight was accorded to evidence which was not admitted. *Town of Pagosa Springs v. People,* 23 Colo. App. 479, 130 P. 618 (1913). Although references in the order and judgment of the court to exhibits which were not admitted into evidence were erroneous, because the facts were presented in other forms of evidence, the error is harmless.

The defendant's third contention is that the trial court miscalculated the amount owed to the plaintiff. The plaintiff concedes that the sum was two dollars too much. Any argument by the defendant that the error is greater is the result of misreading the judgment of the district court. Because of the two dollar error and the concomitant fifty percent penalty applied thereto, the amount of the judgment should be reduced by three dollars.

The defendant's fourth and final argument is that the trial court's award of attorney's fees was unconstitutional or — if constitutional — excessive. Section 8-4-114, C.R.S. 1973 provides:

"Whenever it is necessary for an employee to commence a civil action for the recovery or collection of wages and penalties due as provided by sections 8-4-104 and 8-4-105, the judgment in such action shall include a reasonable attorney fee in favor of the winning party to be taxed as part of the costs of the action."

The defendant argues that this section does not provide for the recovery of attorney's fees by the employer, should he be successful on the merits, and thus violates his right to equal protection. We do not agree with that interpretation.

The statute plainly provides for attorney's fees for the winning party, be it employee or employer. The purpose of the provision is twofold, to indemnify the employee against the necessity of paying an attorney's fee when he is successful and to protect the employer against nuisance litigation. This is not an example of unilateral attorney's fees which we have held to be unconstitutional in the past. *More v. Johnson,* 193 Colo. 489, 568 P.2d 437 (1977).

The defendant argues in the alternative that, even if the provision is constitutional, the amount awarded by the trial court in this case was excessive because it was more than fifty percent of the judgment on the merits. An award of attorney's fees must be reasonable. *Brillhart v.*

*Hudson,* 169 Colo. 329, 455 P.2d 878 (1969). The determination of reasonableness is a question of fact for the trial court and will not be disturbed on review unless it is patently erroneous and unsupported by the evidence. *Pierce v. Nier,* 138 Colo. 402, 334 P.2d 440 (1959). In awarding attorney's fees, the trial court may consider, among other factors, the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of the legal services to the client, and the usage in the legal community concerning fees in similar cases. C.R.C.P. DR 2-106(B). *See also Bryant v. Hand,* 158 Colo. 56, 404 P.2d 521 (1965); *Warrenberg v. Cline,* 108 Colo. 179, 114 P.2d 302 (1941); *In re Estate of Painter,* 39 Colo. App. 506, 567 P.2d 820 (1977). However, no one of these factors is conclusive. Accordingly, the defendant's contention that the award of attorney's fees is limited by the amount of the judgment on the merits is rejected.

The employee in this case may have incurred further legal expenses as a result of this appeal by the employer. Section 8-4-114, C.R.S. 1973, does not limit the award of attorney's fees to those resulting from the trial. The court of appeals has held that where attorney's fees are due under a contractual provision, those fees include the reasonable costs of defending the judgment on appeal. *Zambruk v. Perlmutter Builders,* 32 Colo. App. 276, 510 P.2d 472 (1973). In addition, there is authority for the principle that the scope of section 8-4-114, C.R.S. 1973, includes reasonable attorney's fees for the costs of appeal. *Keeton v. Rike,* 38 Colo. App. 505, 559 P.2d 262 (1977). We thus remand this cause to the district court for the specific purpose of considering the award of attorney's fees incurred by the employee on this appeal.

The judgment of the district court is modified, and after modification, judgment is affirmed.

MR. JUSTICE PRINGLE and MR. JUSTICE CARRIGAN do not participate.