Marc KENNEDY, Plaintiff-Appellee,

v.

LEO PAYNE BROADCASTING, d/b/a K.L.D.R., a Colorado corporation, Defendant-Appellant.

No. 81CA0651.

Colorado Court of Appeals, Div. II.

April 8, 1982.

Rehearing Denied April 29, 1982.

Bluestein, Simon & Koransky, Edward E. Simon, Jr., Denver, for plaintiff-appellee.

Philip E. Lowery, P. C., Philip E. Lowery, Denver, for defendant-appellant.

STERNBERG, Judge.

The employer, Leo Payne Broadcasting, d/b/a K.L.D.R., a Colorado corporation, appeals a judgment awarding its former employee, Marc Kennedy, unpaid compensation, an additional 50% of the compensation as a penalty under § 8–4–104(3), C.R.S. 1973, and reasonable attorney's fees under § 8–4–114, C.R.S.1973. We affirm.

In a trial to the court, the uncontroverted evidence was that Kennedy became employed by defendant as a salesman at a guaranteed salary of $20,000 for the first twelve months of employment. Subsequently, Kennedy was told that he had been discharged and was given a check for his salary to date plus severance pay. However, the station manager told him that he was not going to receive the balance of the guaranteed salary. The evidence indicates that he was discharged for having engaged in certain outside business activities.

Kennedy testified that the station manager told him that he must curtail outside business interests and gave him two weeks to do so. Kennedy began immediately to rearrange his affairs, and then requested

and was given vacation time to complete the arrangements to transfer his outside duties to others.

The then sales manager for the station testified that on November 1, 1979, he gave Kennedy permission to work on the side for a direct mail business, conditioned only on the requirement that such work not interfere with his job. Because of the station's financial problems, the witness stated that he had previously told employees in a sales meeting to consider outside work to supplement their income. The witness also testified that subsequent to November 1, Kennedy's sales did not decrease, while those of everyone else did, and Kennedy was the leading salesman on the staff.

The trial court found that Kennedy was entitled to receive $7,072.92 as the balance of the guarantee that had not been paid; the sum of $3,536.46 as the statutory penalty under § 8–4–104(3), C.R.S.1973, because the employer's refusal to pay was without a good-faith legal justification; and reasonable attorney's fees of $1,500 under § 8–4–114, C.R.S.1973.

■ The employer asserts that the court erred in awarding damages to Kennedy as he had violated his duty of loyalty to the employer by engaging in a competing business, and in failing to accede to the employer's demands that he cease this activity. The contention finds no support in the record. There is no evidence to indicate that Kennedy's direct mail · business competed with the radio station for business, or that he was other than a loyal employee. For this reason, the cases cited by the employer which concern the breach of an employee's duty of loyalty to the employer are inapposite.

The employer next contends that the imposition of the statutory penalty was error because the one year agreement had expired by its terms at the time Kennedy was discharged and, therefore, its actions were not a violation of that relationship. We do not agree.

■ The fact that the agreement had expired is immaterial. "The wording of § 8–4–104(1) provides that wages or compensation for labor or services *earned* and *unpaid* at the time of discharge are due and payable immediately." (emphasis in original) *Hofer v. Polly Little Realtors, Inc.*, 37 Colo.App. 86, 543 P.2d 114 (1975). The penalty provisions of § 8–4–104(3) apply when such wages or compensation are withheld by the employer not in good faith. *Hartman v. Freedman*, 197 Colo. 275, 591 P.2d 1318 (1979).

The determination of good faith is a fact question to be determined by the trial court. *Cortez v. Brokaw,* Colo.App., 632 P.2d 635 (1981). The trial court found that the employer's refusal to pay the balance of the guarantee upon Kennedy's request was without a good-faith legal justification. It reached this conclusion upon finding that Kennedy asked for and was granted permission to work at an outside job, that subsequently he put in a full amount of hours for the employer evidenced by his sales record, and that upon his return from vacation he had met the demands of the station manager. These findings are supported by competent evidence, and therefore, it is axiomatic that they are binding on review.

■ The employer also argues that the imposition of the statutory penalty was error because the record fails to disclose that it acted with malice or from some similar motivation. Again, we do not agree.

The employer has cited no authority for its position, and we find none. The penalty provisions of § 8–4–104(3), C.R.S.1973, are applicable in any case where, as here, compensation is willfully withheld without good cause. *See Brogan v. Bill Eger Motors, Inc.*, 39 Colo.App. 104, 561 P.2d 377 (1977).

■ The employer next asserts that the trial court failed to consider its counterclaim. This contention was not raised in the employer's motion for a new trial; accordingly, it may not be considered on appeal. C.R.C.P. 59(f); *Young v. Golden State Bank*, Colo.App., 632 P.2d 1053 (1981).

■ Finally, the employee contends that he is entitled to reasonable attorney's fees incurred on appeal. Based on § 8–4–114,

C.R.S.1973, and *Hartman v. Freedman, supra*, we agree. Therefore, on remand, the trial court should determine and award to the employee a reasonable attorney's fee for this appeal. *See Cortez v. Brokaw, supra*.

The judgment is affirmed and the cause is remanded for further proceedings consistent with the views expressed herein.

PIERCE and BERMAN, JJ., concur.