**James A. BEASLEY, Plaintiff-Appellee,**

v.

**MINCOMP CORPORATION, a Colorado corporation, Defendant-Appellant.**

**No. 82CA0903.**

Colorado Court of Appeals,
Div. III.

May 24, 1984.

Kidneigh, Hughes, Pelz, Leach & Clikeman, P.C., Harlan P. Pelz, Denver, for plaintiff-appellee.

Wegher & Fulton, P.C., Martha J. Ridgway, Richard W. Breithaupt, Pendleton & Sabian, P.C., William Tuthill, Denver, for defendant-appellant.

TURSI, Judge.

Plaintiff, James A. Beasley, brought this action against his former employer, Mincomp Corporation, (Mincomp) for compensation due and owing plus a penalty and attorney fees. The trial court rendered judgment in favor of plaintiff. Mincomp appeals. We modify the judgment and, as modified, affirm.

Mincomp is a computer services company, consisting of a Scientific Division and an Education Division. In February 1978, Mincomp hired plaintiff as manager of the Scientific Division pursuant to a contract which, in addition to a base salary, provided plaintiff a 10% commission on Scientific Division sales in excess of $10,000 per month. Plaintiff also was to receive a yearly cash bonus of $5,000 as part of his compensation package.

In April 1979, plaintiff was promoted to general manager, which position consisted of overseeing both the Scientific and the Education Divisions. In a letter written by Edwin P. Blesch, president of Mincomp, plaintiff's base salary was increased and his commission was set at 5% of Scientific Division sales in excess of $15,000 per month, plus 5% of Education Division sales in excess of $428,000 for fiscal 1979.

In September 1979, plaintiff tendered Mincomp his resignation. Blesch persuaded plaintiff to remain in the employ of Mincomp until a replacement could be found. Plaintiff was relieved of his responsibilities as general manager, and reassumed his position as manager of the Scientific Division under the terms that existed previously. Plaintiff remained with Mincomp through April 1980.

In December 1979, the Scientific Division completed a substantial sale of software to an oil company. In addition to the software package, the oil company purchased a one-year maintenance agreement from the Scientific Division. Plaintiff, claiming he had not received a commission for the sale, brought this action for damages.

The trial court, sitting without a jury, held in favor of plaintiff, and awarded him $5,597.09 in unpaid commissions, a $2,798.55 penalty on the unpaid commissions, and $2,500 as unpaid cash bonus. In addition, the trial court awarded plaintiff $71 in costs, and $3,270 as reasonable attorney fees.

I

Mincomp first contends that the trial court's award of damages is excessive. Mincomp points out that plaintiff's complaint and pre-trial statement seek recovery only for commissions due and owing on the December 1979 software sale by the Scientific Division. Mincomp cites C.R.C.P. 16(c) for the contention that since plaintiff's pre-trial statement was adopted into the trial court's pre-trial order, plaintiff was re-

stricted to a recovery of those commissions only. We disagree.

On the second day of trial, counsel for Mincomp, as a tactical decision, expressly consented to the adjudication of unpaid commissions from January 1979 through March 1980. Plaintiff was permitted, without objection by Mincomp, to prove commissions due and owing within that time period. Therefore, the trial court did not err in awarding damages in excess of those stated in the pre-trial order. *Greenlawn Sprinkler Corp. v. Forsberg*, 170 Colo. 286, 461 P.2d 22 (1969). *See Bill Dreiling Motor Co. v. Shultz*, 168 Colo. 59, 450 P.2d 70 (1969); *DeCicco v. Trinidad Area Health Ass'n*, 40 Colo.App. 63, 573 P.2d 559 (1977).

## II

Mincomp next contends that several findings of damage by the trial court are excessive as they are unsupported by the evidence. But for two mathematical errors on the part of the trial court, we disagree with Mincomp's contention.

When sitting as trier of fact, it is within the province of the trial court to consider the credibility of the witnesses, the sufficiency and probative value of the evidence, and to draw inferences and formulate conclusions therefrom. The findings of the trial court will not be disturbed on review unless they are so clearly erroneous as to find no support in the record. C.R.C.P. 52; *American National Bank v. Quad Construction, Inc.*, 31 Colo.App. 373, 504 P.2d 1113 (1972).

Here, there is evidence supporting the damages awarded. However, we agree with Mincomp's contention that the trial court made certain mathematical errors. In its written order of judgment, the trial court found that plaintiff had earned $7,125.98 commissions during the relevant time period. Against this amount, the trial court deducted $2,028.89 in commissions paid to plaintiff by Mincomp. Offsetting these two figures results in a balance of commissions due plaintiff. However, the trial court found that plaintiff's payroll check of December 15, 1979, was "short," as it did not contain $500 in commissions due. The trial court, in addition to refusing to give Mincomp credit for this payment, added this $500 figure to the amount that it had determined represented the total commissions earned. This error resulted in a double recovery of $500 by plaintiff.

Additionally, in determining the amount of commissions paid by Mincomp, the trial court relied on payroll records of Mincomp, instead of cancelled payroll checks issued by Mincomp to plaintiff. The accuracy of Mincomp's payroll records was in dispute throughout the trial; therefore, we believe the trial court erred in not utilizing the actual payroll checks for determining commissions paid. This error resulted in a deficiency of $85 which should have been credited to Mincomp for commissions paid. Therefore, the trial court's determination of unpaid commissions is over-stated by $585.

## III

Mincomp argues that the trial court failed to comply with § 8-4-104(3), C.R.S., as it failed to find specifically that Mincomp lacked a good-faith legal justification for withholding plaintiff's commissions. We disagree.

Section 8-4-104(3) provides that if an employer withholds compensation without a good-faith legal justification, the employee is entitled to a penalty amounting to 50 percent of the compensation withheld. We have held that the phrase "without a good-faith legal justification" means "willful" withholding. *Hofer v. Polly Little Realtors, Inc.*, 37 Colo.App. 86, 543 P.2d 114 (1975). In order to impose a penalty, a trial court must find from the evidence that the employer willfully withheld compensation due and owing the employee. *See Cortez v. Brokaw*, 632 P.2d 635 (Colo.App. 1981).

Here, in its written order of judgment, the trial court found that "the Defendant was in violation of section 8-4-

104." Since the trial court specifically addressed § 8–4–104, and subsection three of the statute concerns the lack of a good-faith legal justification requirement, the only logical interpretation of the written finding is that the trial court concluded from the evidence that Mincomp willfully withheld plaintiff's commissions. Therefore, although a specific finding of willful withholding is preferable, the reference to § 8–4–104 in the trial court's written order of judgment is sufficient to justify imposition of the penalty.

## IV

■ Finally, we disagree with Mincomp's contention that the trial court erred in its award of attorney fees in favor of plaintiff. But for the two mathematical errors, the trial court's award of unpaid commissions in favor of plaintiff was proper. Section 8–4–114, C.R.S.; *Hofer v. Polly Little Realtors, Inc., supra.* Further, plaintiff correctly points out in his brief that he is entitled to attorney fees incurred in successfully defending this appeal. *Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979).

The judgment of the trial court regarding the award to plaintiff of unpaid commissions is reduced by $585 and, accordingly, the penalty is reduced in the sum of $292.50. As so modified, the judgment is affirmed. The cause is remanded to the trial court for consideration of an award of reasonable attorney fees for defending this appeal.

BABCOCK and METZGER, JJ., concur.