I. Stephen DAVIS and Michael I. Ruxin, Plaintiffs–Appellees,

v.

Bertram A. BRUTON; Rotella Park Associates, Ltd., a Colorado limited partnership; and Bertram A. Bruton d/b/a Bertram A. Bruton & Associates, Defendants–Appellants.

No. 89CA0895.

Colorado Court of Appeals, Div. II.

Aug. 9, 1990.

Bernick & Moch, Richard J. Bernick, Denver, for plaintiffs-appellees.

Holt & Associates, L. Tyrone Holt, Kevin J. O'Toole, Denver, for defendants-appellants.

Opinion by Judge HUME.

Defendants, Bertram A. Bruton, Rotella Park Associates, Ltd., and Bertram A. Bruton d/b/a Bertram Bruton & Associates, appeal the portion of a judgment awarding costs against them in favor of plaintiffs, I. Stephen Davis and Michael I. Ruxin. We reverse and remand with directions.

Following entry of judgment on the merits of this action in June 1984, and a subsequent appeal of that judgment, plaintiffs filed, in March 1989, a bill of costs, including attorney fees, proposed for taxation. Defendants, despite being served with a copy of the cost bill, filed nothing in response thereto prior to the court's entry of an order reducing the proposed costs to judgment on May 1, 1989. No hearing was conducted prior to entry of the cost judgment.

Defendants received notice of the court's entry of the cost judgment on May 4, 1989, when they telephoned the court clerk to inquire about the status of the cost bill. In addition, defendants received a copy of the court's written cost judgment by mail on May 5, 1989. The record contains no clerk's certificate of posting or other indication as to when the copy was posted to defendants.

Defendants filed an objection to the cost judgment on May 9, 1989, in which they contended that certain deposition costs had been erroneously taxed and that the award of attorney fees was not reasonable.

The court overruled defendants' objection to the award of attorney fees, again without holding a hearing, on grounds that it was untimely and that it lacked legal or factual basis. However, the court upheld the objection to its previously entered award of the deposition costs, finding that the depositions in question were used only as discovery devices rather than for the perpetuation of testimony for use at trial. Defendants' subsequent motion for reconsideration of the attorney fee judgment was summarily denied.

I.

Defendants contend that the trial court erred in ruling their objection untimely and in refusing to reconsider the award of attorney fees. We agree.

Defendants' only asserted contentions before the trial court and in this appeal are: 1) that the trial court's refusal to consider their objection because it was untimely was unwarranted and erroneous; and 2) that the court abused its discretion in awarding attorney fees without conducting a hearing on the issue of whether the claimed fees were reasonable. Our analysis of the pertinent statutes and rule of procedure lead us to conclude the court's treatment of the matter was in error.

Section 13–16–104, C.R.S. (1987 Repl.Vol. 6A) permits entry of judgment for recovery of costs of suit by a prevailing plaintiff, and § 13–16–118, C.R.S. (1987 Repl.Vol. 6A) provides that the clerk is authorized and required "to tax and subscribe all bills of costs arising in any cause or proceeding in the court of which he is clerk, *agreeable to the rates which are allowed or specified by law."* (emphasis supplied)

Section 13–16–122, C.R.S. (1987 Repl.Vol. 6A) defines the various items that are includable as recoverable costs. The items enumerated in § 13–16–122 include a docket fee, jury fees and expenses, sheriff's fees, a reporter's fee for necessary transcripts, witness fees, fees for exemplification and copies of necessary papers, out-of-pocket costs necessarily incurred in taking depositions to perpetuate testimony, fees for service of process or required publications, and attorney fees authorized by statute or court rule. With two exceptions, the items specified in that statute are either fixed sums or sums that are readily determinable under various controlling state statutes.

One exception, costs of expert witnesses, is expressly dealt with in § 13–16–122, by reference to § 13–33–102(4), C.R.S. (1987

Repl.Vol. 6A) (requiring expert witness fees to be fixed by the court). The other exception, attorney fees, although not the subject of any express limiting language in the statutes governing costs, has traditionally been held to be a discretionary matter for determination by the court in appropriate cases. *See Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979); *Leadville Water Co. v. Parkville Water District,* 164 Colo. 362, 436 P.2d 659 (1967).

C.R.C.P. 54(d) provides that "costs may be taxed by the clerk on one day's notice," and "on motion served within five days thereafter, the action of the clerk may be reviewed by the court." In our view, that rule contemplates that the clerk of court is deemed qualified and capable of performing the ministerial task of determining whether fees and charges set out in a cost bill comport with those allowable under applicable governing state statutes so as to comply with § 13–16–118. However, neither C.R.C.P. 54(d) nor § 13–16–118 confers discretionary authority upon the clerk to determine amounts allowable as expert witness fees or attorney fees. That discretionary authority is a judicial function not properly delegable to the clerk of court.

Here, the judgment for costs was entered by the court, rather than being initially fixed by the clerk pursuant to C.R.C.P. 54(d), and thus, the five-day limitation period for objections was not triggered. Although defendants styled their objection as a motion for relief from "costs taxed by the clerk," in reality they were seeking relief from a judgment entered pursuant to C.R.C.P. 58, as is authorized by C.R.C.P. 59(a)(4).

C.R.C.P. 59 motions for post-trial relief may be filed within 15 days of entry of the judgment sought to be challenged. *See* C.R.C.P. 59(a). Hence, we conclude that the court here erred in denying the motion as untimely under the C.R.C.P. 54(d) limitation. *See Moses v. Moses,* 180 Colo. 397, 505 P.2d 1302 (1973). *See also Brown v. Central City Opera House Ass'n,* 36 Colo. App. 334, 542 P.2d 86 (1975), *aff'd,* 191 Colo. 372, 553 P.2d 64 (1976) (Substance of pleading rather than its appellation controls entitlement to relief).

## II.

Defendants also contend that the trial court erred by failing to require evidence of reasonableness of the attorney fees awarded. We agree.

Plaintiffs' cost bill does not contain any itemization of the amount sought, the rate of compensation, or the amount of time expended. Nor does the record on appeal indicate that the court conducted a hearing or required any showing or offer of proof to establish a basis for its award of fees.

In our view, the unsupported award cannot stand. *See Hartman v. Freedman, supra; Montgomery Ward & Co. v. Andrews,* 736 P.2d 40 (Colo.App.1987).

The judgment awarding attorney fees is reversed, and the cause is remanded for a hearing on the issue whether the fees claimed were reasonable.

STERNBERG, C.J., and RULAND, J., concur.