Andre PORTER, Plaintiff–Appellee and Cross–Appellant,

v.

**CASTLE ROCK FORD LINCOLN MERCURY, INC.,** Defendant– Appellant and Cross–Appellee.

No. 94CA0087.

Colorado Court of Appeals, Div. III.

April 6, 1995.

Phil Harding, Englewood, for plaintiff-appellee and cross-appellant.

Royce Edward Tolley, Castle Rock, for defendant-appellant and cross-appellee.

Opinion by Judge HUME.

Defendant, Castle Rock Ford Lincoln Mercury, Inc., appeals the judgment entered in favor of plaintiff, Andre Porter, following a trial to the court. Plaintiff cross-appeals the court's award of attorney's fees. We affirm in part, reverse in part, and remand to the trial court with directions.

After plaintiff was involved in an accident resulting in property damage to defendant's truck, he terminated his employment with defendant on April 15, 1992. It is undisputed that, even though plaintiff had earned $600 in compensation during the pay period ending on April 15, defendant withheld his paycheck on April 16, 1992, when it was due.

Plaintiff brought this action in district court, seeking compensatory damages equalling the unpaid wages owed him, the penalty permitted by the wage statute, punitive damages, and attorney fees. Defendant filed a counterclaim for the damages caused by plaintiff's alleged negligence in operating the truck and asserted that plaintiff's claim for punitive damages was frivolous, warranting defendant's recovery of its attorney fees.

After a bench trial, the court awarded plaintiff the damages he sought on the wage claim, declared him to be the winning party, and awarded him reasonable attorney fees. It further found that, although plaintiff failed to prove his punitive damages claim, that claim was not frivolous or groundless, and it denied defendant's claim for attorney fees. The trial court also initially determined that plaintiff acted negligently in operating defendant's truck and, thus, was liable for the resulting damage.

Plaintiff subsequently filed a motion to amend the conclusions of law regarding the negligence counterclaim, and the trial court withdrew its ruling allowing damages on that counterclaim.

I.

Defendant first contends that the trial court erred in finding it liable for the wage penalty provided by § 8–4–104(3), C.R.S. (1986 Repl.Vol. 3B). We do not agree.

When an employee resigns his or her employment, the wages or compensation for labor or service earned and unpaid at that time become due and payable upon the next regularly scheduled pay day. Section 8–4–104(1), C.R.S. (1994 Cum.Supp.).

An employer who refuses to comply with a request for wages or compensation, without a good faith legal justification for such refusal, is liable to the employee for the compensation legally due. Additionally, such an employer may be assessed a penalty in a sum equal to the unpaid wages payable for each day payment was withheld for a period not to

exceed 10 days. *See* § 8–4–104(3), C.R.S. (1986 Repl.Vol. 3B).

At trial, defendant admitted that it wrongfully withheld plaintiff's wages, but argued that it thought it had the legal right to do so pursuant to § 8–4–104(2), C.R.S. (1986 Repl. Vol. 3B), which provides in part:

Nothing in subsection (1) of this section shall limit the right of an employer to set off any lawful charges or indebtedness owing by the employee to the employer.... 

Defendant claimed that, because it withheld plaintiff's wages as a set-off for the damages to its truck, it had good faith legal justification for refusing plaintiff's request for his paycheck on April 16, 1992, and was, therefore, not liable for the statutory penalty.

However, the trial court determined that the set-off was not a good faith legal justification as defined by the relevant statute then in effect. *See* § 8–4–101(7.5), C.R.S. (1986 Repl.Vol. 3B) ("lawful charges or indebtedness" does not include deductions made from employee's wages for alleged negligent acts).

The determination of whether wages are withheld in good faith is a fact question to be determined by the trial court. If its findings are supported by competent evidence, they are binding on review. *Kennedy v. Leo Payne Broadcasting*, 648 P.2d 673 (Colo.App. 1982).

The phrase "without good faith legal justification" means willfully withheld without good cause. *Beasley v. Mincomp Corp.*, 683 P.2d 370 (Colo.App.1984). Defendant argues that because it mistakenly, but in good faith, thought it had the legal right to retain plaintiff's wages as a set-off for damages to its truck, those wages were not willfully withheld.

However, willful withholding does not require a showing of malice or similar motivation, rather, there need only be a demonstration that compensation is willfully withheld without good cause. *See Kennedy v. Leo Payne Broadcasting, supra.*

Here, the trial court ultimately determined that, although defendant may have had a good faith justification "in its own mind," there was no "lawful charge or indebtedness" within the provisions of § 8–4–101(7.5) pro-

viding a good faith legal justification for withholding plaintiff's paycheck.

Because these findings are supported by competent evidence in the record, the court did not err in awarding plaintiff the statutory penalty pursuant to § 8–4–104(3).

## II.

Defendant next contends that the trial court erred in reversing its initial ruling that defendant had a right to collect compensation for the damages plaintiff caused to its vehicle. We agree.

It is undisputed that defendant had automobile insurance on all of its vehicles and that the insurer paid its claim for damages plaintiff caused to the truck, less a deductible provided by the policy. Defendant asserted that the insurer had orally assigned its subrogation rights against plaintiff to defendant.

The trial court initially found that this assignment allowed defendant to collect from plaintiff the amount of damages he had negligently caused to defendant's truck. However, after considering plaintiff's motion to amend that conclusion of law pursuant to C.R.C.P. 59, the court reversed its ruling, finding that, because the insurer had no subrogation right against plaintiff, defendant accordingly had no assigned right to collect the damages paid by its insurer from plaintiff.

 Subrogation is the right of the insurer to be put in the position of the insured in order to pursue recovery from third parties legally responsible to the insured for a loss the insurer has paid. G. Couch, *Cyclopedia of Insurance Law 2d* § 61:1 (R. Anderson 2d ed. 1983). The insurer's right of subrogation is derived solely from the rights of its insured and is limited to those rights. *Peterson v. Kester*, 791 P.2d 1185 (Colo.App.1989).

 An employer whose employee has violated a duty may bring a direct action against that employee for losses caused by misuse of property. *See* Restatement (Second) of Agency § 399 (1958).

 Here, defendant's counterclaim sought damages for plaintiff's negligence.

The trial court found that plaintiff's negligent conduct in driving defendant's truck proximately caused property damage in the stipulated amount of $2,333. Hence, defendant had a viable counterclaim against plaintiff for such damages.

And, although defendant received partial reimbursement from its insurer, it may still recover full compensation from plaintiff subject to the subrogation rights of the insurer. *See* § 13–21–111.6, C.R.S. (1987 Repl.Vol. 6A) (a verdict for property damage shall not be reduced by sums paid to indemnify or compensate the injured party as a result of a contract entered into and paid for by that party).

When a collision insurer pays its insured's claim for property damage resulting from the negligence of a third party, it is subrogated to the insured's rights against the wrongdoer. *See* G. Couch, *Cyclopedia of Insurance Law 2d* § 61:238 (R. Anderson 2d ed. 1983). Hence, in this action, defendant's insurer was the subrogee of defendant's negligence claim against plaintiff.

The trial court found that the insurer had made a valid assignment of its subrogation claim to defendant, resulting in defendant's ultimate right to collect from plaintiff full compensation for the damages caused by his negligence.

■ Subsequently, however, the court improperly applied general principles of law limiting or prohibiting an insurer's recovery by subrogation against its own insured. *See generally* G. Couch, *Cyclopedia of Insurance Law 2d* § 61:139 (R. Anderson 2d ed. 1983) (when an agent and his or her principal are both covered by an automobile liability policy, the insured has no right of subrogation to recover from the agent for any liability which the latter's conduct imposes upon the principal).

Here, however, there is no indication that plaintiff was a named or designated insured under defendant's policy, or that he had an insurable interest in defendant's truck. Nor is the principal charged in this case with vicarious liability to a third party for the agent's conduct. Thus, that part of the judgment denying defendant recovery from plaintiff on the counterclaim cannot stand.

### III.

In challenging the trial court's award of attorney fees in favor of plaintiff, defendant first contends that, while plaintiff prevailed only on the wage and penalty claims, defendant prevailed against plaintiff's punitive damages claim and on its counterclaim, both under the trial court's initial ruling and possibly upon remand as a result of this appeal, subject to possible reconsideration by the trial court of plaintiff's challenge to the validity of the claimed oral assignment. Thus, defendant argues that it, rather than plaintiff, is the "winning party" entitled to recover attorney fees pursuant to § 8–4–114, C.R.S. (1986 Repl.Vol. 3B). We reject this contention.

■ A plaintiff granted a money judgment under § 8–4–104 is a winning party entitled to reasonable attorney fees. *Koontz v. Rosener*, 787 P.2d 192 (Colo.App.1989). A defendant does not become the "winning party" simply because the plaintiff does not prevail on each of its asserted claims. *Olsen v. Bondurant & Co.*, 759 P.2d 861 (Colo.App. 1988). Hence, the mere fact that plaintiff prevailed on only two of his three claims relating to the recovery of wages does not prevent him from being a "winning party" under § 8–4–114.

■ Here, plaintiff has prevailed on his wage claim. However, under our decision in Part II of this opinion, damages ultimately awarded on defendant's counterclaim on remand may exceed the wages and penalty awarded to plaintiff, thus resulting in a net judgment in favor of defendant. The issue before us is, under such circumstances, which of the parties should be considered the winning party entitled to an award of attorney fees.

The purpose of the wage claim act is to promote timely payment and to provide adequate judicial relief when wages are wrongfully withheld by an employer. *Cusimano v. Metro Auto, Inc.*, 860 P.2d 532 (Colo.App. 1992). The primary purpose of providing for payment of attorney fees under the act is to

indemnify the employee against the necessity of paying attorney fees when the employee is successful on a wage claim. *Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979).

If an employer who wrongfully withholds an employee's compensation without good faith legal justification, but who nevertheless prevails on a substantial permissive counterclaim, were permitted to recover its attorney fees, such recovery would unduly impinge upon the employee's remedy to vindicate the wrongful withholding.

In addition, application of the net judgment rule, *see Dennis I. Spencer Contractor, Inc. v. Aurora,* 884 P.2d 326 (Colo.1994), to awards under the wage claim act that are offset by awards on permissive counterclaims unrelated to an employee's entitlement to wages might result in an artificial and unintended award of attorney fees to employers on counterclaims for which attorney fees would not otherwise be authorized. In this case, for example, application of the net judgment rule, as advocated by defendant, would allow it to recover attorney fees on its negligence claim that could not have been recovered in the absence of its withholding of wages that have been determined to have been lawfully due and owing to the employee.

Hence, we conclude that the net judgment rule should not be applied under the facts of this case so as to make defendant the "winning party." Insofar as *Rohr v. Ted Neiters Motor Co.,* 758 P.2d 186 (Colo.App.1988) applies the net judgment rule to permissive counterclaims unrelated to the lawfulness of the employer's withholding of wages under the act, we are persuaded that it goes beyond the purpose of § 8–4–114 and decline to follow it.

Defendant also asserts that, in its award of plaintiff's attorney fees, the trial court failed to distinguish the costs associated with the wage claim from those expended in pursuing the unsuccessful punitive damages claim, and that the ultimate award was unreasonable. We disagree.

The determination of the reasonableness of attorney fees is a question of fact for the trial court and will not be disturbed on appeal unless patently erroneous and unsupported by the evidence. *Hartman v. Freedman, supra.*

■ In awarding attorney fees, the trial court may consider, among other factors, the amount in controversy, the length of time required to represent the client effectively, the complexity of the case, the value of legal services to the client, and the customary practice in the legal community concerning fees in similar cases. *Hartman v. Freedman, supra.*

■ If the court determines that some reduction in attorney fees is warranted, it may either identify the hours expended on the unsuccessful claim or, in the alternative, merely reduce the total fee by an appropriate amount to reflect the lack of success. *Oten v. Colorado Board of Social Services,* 738 P.2d 37 (Colo.App.1987).

■ Here, the trial court held a separate hearing on the issue of attorney fees. Plaintiff's bill of costs identified those fees and expenses associated with the punitive damages claim so that the court could determine an appropriate award for the wage claim alone. It found that plaintiff was the winning party under the wage statute and specifically limited its award of attorney fees to those incurred in the prosecution of the wage claim. The court considered the *Hartman* factors and analyzed each one in the context of the surrounding circumstances. Although it found that plaintiff's attorneys charged a reasonable hourly rate for their services, it determined that the total number of hours expended to pursue his wage claim was unreasonable and reduced the amount of the award accordingly.

Because the record adequately supports the court's ultimate award of attorney fees incurred in prosecuting the wage claim, we decline to disturb that determination on appeal.

## IV.

Since we have concluded that the trial court's award of attorney fees was reasonable, we need not separately address plaintiff's cross-appeal on that issue.

However, because both parties agree that the winning party is entitled to recover attorney fees on appeal pursuant to § 8–4–114, C.R.S. (1986 Repl.Vol. 3B) and since we have affirmed the trial court's determination that plaintiff is the winning party on the wage claim, we must remand to the trial court for a determination of plaintiff's reasonable attorney fees to be awarded for defending the wage claim award in this appeal.

The portions of the judgment awarding plaintiff his wages, penalty, and attorney fees pursuant to the wage act are affirmed. That portion of the amended judgment denying damages on the counterclaim is reversed, and the cause is remanded for further proceedings in conformity with the views herein expressed.

TAUBMAN and SMITH,* JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1994 Cum.Supp.).