Gioacchino (Jack) GIAMPAPA, Plaintiff–
Appellant and Cross–Appellee,

v.

AMERICAN FAMILY MUTUAL INSUR-
ANCE COMPANY, Defendant–Ap-
pellee and Cross–Appellant.

No. 98CA0008.

Colorado Court of Appeals,
Div. V.

April 27, 2000.

Certiorari Granted Nov. 6, 2000.

Walter H. Sargent, P.C., Walter H. Sargent, Colorado Springs, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Harris, Karstaedt, Jamison, & Powers, P.C., A. Peter Gregory, Robert W. Harris, Englewood, Colorado, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge ROY.

Plaintiff, Gioacchino (Jack) Giampapa (insured), urges us to reconsider the decision of a division of this court in *Giampapa v. American Family Mutual Insurance Co.*, 919 P.2d 838 (Colo.App.1995) (*Giampapa I*), in light of what he asserts have been changes in the law. Insured also appeals the trial court's order reducing the jury's award of damages on remand. Defendant, American Family Mutual Insurance Company (insurer), cross-appeals the trial court's order awarding insured the attorney fees and costs he incurred on appeal in *Giampapa I.*

We vacate the order reducing the award of noneconomic damages and remand for further proceedings consistent with the views expressed in this opinion, reverse the trial court's judgment awarding insured his costs incurred on appeal in *Giampapa I,* and affirm the trial court's award to the insured of his attorney fees incurred on appeal in *Giampapa I,* subject to an apportionment before the trial court of the stipulated amount of attorney fees and costs.

The facts establishing insured's claims of bad faith and willful and wanton breach of an insurance contract are set forth in *Giampapa I.* In that holding, a division of this court affirmed a judgment entered upon jury verdicts awarding insured Personal Injury Protection (PIP) benefits together with treble and punitive damages. However, based on a finding of improper jury instructions on damages, the division reversed an award of $900,000 for noneconomic damages for willful and wanton breach of an insurance contract and remanded for a new trial on that issue.

On remand and prior to trial, insured filed a motion with the trial court seeking an award of the attorney fees and costs he incurred on appeal in *Giampapa I.* The trial court awarded insured $21,085.65, an amount stipulated to be reasonable but objected to by insurer on the grounds that the trial court lacked the jurisdiction to make the award. Following the trial, the jury returned a verdict awarding insured $125,000. The trial court reduced this award to $50,000, concluding that the $125,000, taken in conjunction with the noneconomic damages previously awarded, exceeded the $250,000 statutory cap on such damages provided by § 13–21–102.5, C.R.S.1999.

## I.

Insured first asks that we reconsider the division's order vacating the special damages award in *Giampapa I* based on our supreme court's holding in *Decker v. Browning–Ferris Industries, Inc.*, 931 P.2d 436 (Colo.1997). Insured maintains that *Decker,* which was decided subsequent to *Giampapa I,* expanded the noneconomic damages recoverable for a willful and wanton breach of contract. We disagree.

Historically, noneconomic damages for breach of contract occasioned by willful, in-

sulting, or wanton conduct have been limited to mental suffering. *Trimble v. City & County of Denver*, 697 P.2d 716 (Colo.1985); *see also Westfield Development Co. v. Rifle Investment Associates*, 786 P.2d 1112 (Colo. 1990); *McCreery v. Miller's Grocerteria Co.*, 99 Colo. 499, 64 P.2d 803 (1936); *Fitzsimmons v. Olinger Mortuary Ass'n*, 91 Colo. 544, 17 P.2d 535 (1932).

Contrary to insured's assertion, our supreme court did not, in our view, expand noneconomic damages recoverable for a willful and wanton breach of contract in *Decker v. Browning–Ferris Industries, Inc., supra.* While the supreme court in *Decker* may have appeared to sanction the award of noneconomic damages for "inconvenience and emotional distress," it nevertheless relied on *Trimble v. City & County of Denver, supra.* We therefore conclude that the supreme court considered "inconvenience and emotional distress," as a subset of, and included in, "mental suffering." *See Decker v. Browning–Ferris Industries, Inc., supra*, 931 P.2d at 443 n. 6.

Accordingly, we reject insured's contention that *Decker* requires a reconsideration of *Giampapa I* with regard to the special damages award for insurer's willful and wanton breach of an insurance contract.

## II.

Insured also contends that the trial court, on remand, erred in reducing the jury award for noneconomic damages from $125,000 to $50,000. We conclude that further consideration is required.

Section 13–21–102.5(3)(a), C.R.S.1999, is applicable to any civil action in which damages for noneconomic loss or injury may be awarded. It provides that the total of such damages shall not exceed $250,000 unless the court determines by clear and convincing evidence that there is justification for a larger award, in which event the total amount of damages shall not exceed $500,-000. The statutory limit is implicated because the insured recovered $200,000 in noneconomic damages on his bad faith breach of contract claim which was affirmed on appeal in *Giampapa I*.

In its written order reducing the noneconomic damages award, the trial court stated:

I am convinced, by clear and convincing evidence, that the [insured] did suffer the damages found by the jury. But it appears to me that the legislature intended something more by the term "justification."

*The [insured] has an unusually rigid psychological make up.* He was unusually fixated on the wrong he suffered because the [insurer] failed to live up to its contractual obligations. This fixation destroyed many of [the insured's] interpersonal relationships and caused him emotional misery. Were it not for the combination of the [insured's] unusual genetic condition and his unusual psychological make up, his non-economic damages would not have exceeded $250,000.

. . . .

Since I find that the [insurer's] wrongful acts would not have caused non-economic damages exceeding $250,000 except for the unusual physical and psychological conditions of the [insured], I do not find "justification", within the meaning of the statute [§ 13–21–102.5], for non-economic damages in excess of $250,000. (emphasis added)

Thus, it is apparent that the trial court reduced the damage award largely because of its observations about the insured's psychological problems and his unrelated degenerative bone condition. We conclude, for the reasons discussed below, that the trial court should not have considered these matters in determining whether to reduce the damage award to stay within the limitations of § 13–21–102.5(3)(a).

The "thin skull" doctrine is a common law tort concept that prevents a tortfeasor from arguing that the injuries caused by the tort would have been less severe had the injured person not been more susceptible to injury. *Schafer v. Hoffman*, 831 P.2d 897 (Colo.1992). It requires a tortfeasor, including an insurer, to take the injured party as it finds him or her. It is appropriate to give a "thin skull" instruction in a breach of insurance contract action, *Peiffer v. State Farm*

*Mutual Automobile Insurance Co.,* 940 P.2d 967 (Colo.App.1996), and the jury was so instructed here.

Further, case law permits recovery in excess of the $250,000 cap for insureds with "pre-existing" conditions. *See Moses v. Diocese of Colorado,* 863 P.2d 310 (Colo.1993) (award in excess of $250,000 statutory cap upheld where tort-feasor's willful and wanton conduct resulted in an aggravation of the victim's mental illness); *see also Colwell v. Mentzer Investments, Inc.,* 973 P.2d 631 (Colo.App.1998) (affirming trial court's award in excess of statutory cap based on a finding that plaintiff's pre-existing multiple sclerosis had become symptomatic).

Accordingly, the matter is remanded to the trial court to redetermine, based on appropriate factors, whether there is justification under § 13–21–102.5 to permit the entry of judgment for noneconomic damages in excess of $250,000.

### III.

In its cross-appeal, insurer contends that it was error for the trial court to award insured the attorney fees and costs he incurred on appeal pursuant to § 10–4–708, C.R.S.1999. We agree in part and disagree in part.

At the outset, there is no indication in the record that the insured requested an award of his appellate attorney fees on appeal before this court in *Giampapa I,* and his request for costs was denied as untimely. Without waiving its right to object to the award of attorney fees and costs on other grounds, the insurer stipulated in the trial court that $21,085.65 was reasonable and necessary for attorney fees and costs with respect to the PIP issues on appeal without any allocation between costs and attorney fees.

The trial court, relying on *Buder v. Sartore,* 774 P.2d 1383 (Colo.1989), and *Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979), awarded the stipulated amount reasoning that, because it originally had the authority to award attorney fees and costs incurred before it pursuant to § 10–4–708, it also could award appellate attorney fees and costs incurred for "successfully defending the judgment on appeal."

### A.

Costs on appeal are awardable pursuant to C.A.R. 39(a). That rule provides, in pertinent part, that if "a judgment is affirmed or reversed in part ... costs shall be allowed only as ordered by the court." The judgment on appeal in *Giampapa I* was affirmed in part and reversed in part. The insured made a request for C.A.R. 39 costs to this court which was denied as untimely.

The awardable costs on appeal are limited to docket fees and the expense of producing necessary copies of the briefs filed with the appellate court. The appropriate court for the determination of an award of C.A.R. 39 costs is the appellate court. C.A.R. 39(c). Therefore, the trial court's award of any C.A.R. 39 costs was error, and the order awarding any such costs is vacated.

### B.

With respect to the award of prevailing party attorney fees incurred on appeal in *Giampapa I,* the insurer argues that the trial court lacked jurisdiction to make the award or, in the alternative, the trial court erred in not properly apportioning prevailing party attorney fees incurred on appeal. We disagree with both arguments.

In the absence of a statute, court rule, or private contract, prevailing party attorney fees are not recoverable by a prevailing party. *Bernhard v. Farmers Insurance Exchange,* 915 P.2d 1285 (Colo.1996). The award of attorney fees in litigation against an insurer for failure to pay PIP benefits is authorized by statute, § 10–4–708(1.7), C.R.S.1999, and is mandatory. *Adams v. Farmers Insurance Group,* 983 P.2d 797 (Colo.1999). The statute requires that the prevailing party attorney fees be awarded in direct proportion to the success of the insured in the litigation measured by the ratio of the PIP benefits sought to those actually recovered in the proceeding. Section 10–4–708(1.7)(c)(I), C.R.S.1999.

Attorney fees awarded pursuant to the statute, while not within the scope of C.A.R. 39, are in the nature of costs, not

damages. *See Ferrell v. Glenwood Brokers, Ltd.*, 848 P.2d 936 (Colo.1993)(attorney fees awarded under contract are in the nature of costs).

The issue here, as framed by the insurer, is whether the trial court had jurisdiction to award prevailing party attorney fees incurred on appeal as distinguished from a determination of the amount to be awarded. In our view, the issue is not a jurisdictional one, but one which is addressed to rules of practice, and the accepted practices, before the courts. In those cases in which the appellate courts award attorney fees, the matter is normally remanded to the trial court for a determination of the amount to be awarded as that determination, if contested, requires findings as to necessity and reasonableness, and frequently requires expert testimony. *See Buder v. Sartore, supra.*

The trial court premised its award of the appellate attorney fees incurred in *Giampapa I* on the reasoning in *Buder v. Sartore, supra,* and *Hartman v. Freedman, supra.* These cases provide some support for the general proposition that a party who is awarded attorney fees in the trial court is entitled to attorney fees incurred in successfully defending the resulting judgment on appeal.

In *Buder v. Sartore, supra,* the appellate attorney fees were awarded by the appellate court with the amount to be determined by the trial court. In *Hartman v. Freedman, supra,* the supreme court determined that the scope of the statute at issue, § 8–4–114, C.R.S.1999, which mandated the award of attorney fees to the prevailing party, included reasonable attorney fees incurred in defending a judgment. Neither case addresses the issue of a trial court's jurisdiction to award prevailing party appellate attorney fees.

One treatise indicates that the issue of the appropriate court to award prevailing party appellate attorney fees is one of the most confusing questions surrounding court awarded attorney fees. It also expresses the view that unless local rule or precedent is to the contrary, application to the trial court is generally appropriate. 2 Derfner and Wolf, *Court Awarded Attorney Fees* §§ 18.05, 27.06 (1999).

The insurer relies on *Hoyt v. Robson Companies, Inc.*, 11 F.3d 983 (10th Cir.1993), for the proposition that the trial court lacked the jurisdiction to award appellate attorney fees. In *Hoyt v. Robson Companies, Inc.,* the prevailing party (1) was entitled to an award of attorney fees by contract, (2) was awarded attorney fees in the trial court before appeal, (3) prevailed on appeal but failed to request attorney fees from the appellate court, and (4) requested, and was granted, appellate attorney fees by the trial court. The appellate court stated:

> [A] "prevailing party" is not automatically entitled to an award of appeal-related attorneys' fees. Regardless of the award of trial-related attorneys' fees, we have exercised our discretion on whether to award appeal-related attorneys' fees. Absent an explicit provision, in order for us to properly exercise our discretion, an application for appeal-related attorneys' fees must first be made to our court. Should we decide that it is appropriate to award such fees, we may then remand to the district court to determine an award of reasonable fees.
>
> Based on this court's long-standing tradition of considering appellate-level attorney's fees only following a proper application to this court in conjunction with the underlying appeal, we hold that the district court did not have jurisdiction to award appeal-related attorneys' fees in this case.

*Hoyt v. Robson Companies, Inc., supra,* 11 F.3d at 985.

While *Hoyt* speaks in terms of the jurisdiction of the trial court, it is not premised on any statute or rule governing the award of attorney fees or limiting the jurisdiction of the trial courts, but is, instead, premised on the long-standing practice of the circuit court.

There is no statute, rule, or precedent in Colorado specifying the tribunal before which the issue of the award of prevailing party appellate attorney fees is to be presented. There is no statute limiting the jurisdiction of the trial courts with respect to the issue. There is no rule or statute establishing a

procedure for requesting or awarding prevailing party appellate attorney fees.

We are convinced that this issue, if it is to be addressed and resolved, needs to be addressed by rule, statute, or both, after full consideration of the ramifications of a rule on the many circumstances in which the award of prevailing party appellate attorney fees may arise. We are reluctant, and therefore decline, to establish any precedent which might well complicate or confuse the matter and become a trap for the unwary.

■ Therefore, seeing no binding or persuasive authority limiting, and little reason to limit, the application for prevailing party attorney fees to any tribunal, we conclude that the application of the insured to the trial court was appropriate.

■ Insurer further argues that the prevailing party attorney fees awarded by the trial court were excessive in light of the statutory mandate that they be apportioned based upon the insured's degree of success. Insurer argues that the apportionment should take into account all of the issues raised on appeal including the award of noneconomic damages for the willful and wanton breach of the insurance contract, in this case, $900,000, which was reversed.

The parties stipulated as to the amount of appellate attorney fees and costs incurred by the insured on appeal attributable to insured's claims for PIP benefits, and the trial court awarded that amount. The noneconomic damages awarded for the willful and wanton breach of the insurance contract are not PIP benefits and, therefore, are not subject to being apportioned under the statute.

Accordingly, the portion of the judgment awarding costs incurred in *Giampapa I* is reversed; the order awarding prevailing party attorney fees incurred in *Giampapa I* is affirmed, subject to an apportionment before the trial court of the stipulated amount of attorney fees and costs; and the order reducing the jury's award for noneconomic damages is vacated, and the cause is remanded

for further proceedings consistent with the views expressed in this opinion.

Judge ROTHENBERG and Judge PIERCE * concur.