Donald E. JENSEN and Margaret C. Jensen, Plaintiffs–Appellants and Cross–Appellees,

v.

Cynthia L. RUNTA, Gerald W. Runta, and Jason D. Runta, Defendants–Appellees and Cross–Appellants.

No. 03CA0611.

Colorado Court of Appeals, Div. A.

Sept. 25, 2003.

Brent K. Olsson Law Firm, P.C., Brent K. Olsson, Fort Collins, Colorado, for Plaintiffs–Appellants and Cross–Appellees.

Montgomery, Kolodny, Amatuzio, & Dusbabek, L.L.P., Peter S. Dusbabek, Cara J. Stegemann, Fort Collins, Colorado, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge WEBB.

We grant plaintiffs' petition for rehearing and reinstate a portion of their appeal previously dismissed on defendants' motion.

Plaintiffs, Donald E. and Margaret C. Jensen, commenced this action against defendants, Cynthia L., Gerald W., and Jason D. Runta, their neighbors, seeking a permanent injunction from harassment and damages for extreme and outrageous conduct. Defendants filed counterclaims seeking injunctive relief under protective covenants against plaintiffs' home-based business and damages for trespass, malicious prosecution, abuse of process, libel, and slander.

In pretrial briefs, plaintiffs sought attorney fees from defendants under § 13–17–102, C.R.S.2002. Following a bench trial, the court addressed the claims and counterclaims in its order of November 27, 2002. However, the November 27 order provided "each side to pay [its] own costs and fees."

Fifteen days later, on December 12, 2002, plaintiffs filed an "Omnibus Motion: To Amend Order Pursuant to C.R.C.P. Rule 59(a)(4); For Judgment of Attorneys Fees and Costs Against Defendants; and for Judgment of Costs Against Larimer County Sheriff's Office." As relevant here, the Omnibus Motion requested that the trial court reconsider its denial of attorney fees pursuant to § 13–17–102 and, for the first time, sought attorney fees under § 38–33.3–123(1), C.R.S.2002.

Seventy-five days later, on February 25, 2003, the trial court entered a written order on the Omnibus Motion. The trial court awarded attorney fees to plaintiffs under § 38–33.3–123(1) for defending the protective covenant counterclaim, but denied their claim for attorney fees under § 13–17–102.

Plaintiffs filed a notice of appeal on March 25, 2003, within forty-five days of the February 25 order, but almost four months after the November 27 order, seeking review of both orders. On April 8, 2003, defendants filed a notice of cross-appeal regarding the fee award under § 38–33.3–123(1).

A motions division of this court dismissed as untimely plaintiffs' appeal from the trial court's order of November 27, 2002, but allowed their appeal and defendants' cross-appeal to proceed regarding the trial court's order of February 25, 2003. Plaintiffs filed a petition for rehearing on the ground that their appeal from the November 27 order was timely.

The sole question before us is whether under C.R.C.P. 59 plaintiffs' Omnibus Motion tolled the time for filing an appeal of the November 27 order. Under the particular circumstances of this case, we conclude that it did, and therefore the notice of appeal was timely as to this order.

If a party timely files a C.R.C.P. 59 motion, the trial court must rule on it within 60 days or it is deemed to be denied. C.R.C.P. 59(j). Hence, the period for filing the notice of appeal commences to run as to all parties from the date the trial court determines the motion or sixty days after the motion was filed, whichever occurs earlier. C.A.R. 4(a); C.R.C.P. 59(j)-(k).

Here, plaintiffs' request for C.R.C.P. 59 relief as to denial of attorney fees under § 13–17–102 was deemed denied by operation of law on February 10, 2003. Therefore, the portion of the trial court's February 25 order again denying attorney fees under § 13–17–102 is void. *See Canton Oil Corp. v. Dist. Court,* 731 P.2d 687 (Colo.1987).

Defendants argue that plaintiffs' Omnibus Motion did not toll the running of the period for filing the notice of appeal, and hence the notice of appeal is untimely as to the November 27 order. Defendants rely on the line of cases following *Baldwin v. Bright Mortgage Co.,* 757 P.2d 1072 (Colo.1988), and *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). We are not persuaded.

In *Baldwin,* following the analysis in *Budinich,* our supreme court held that a judgment on the merits is final and appealable, regardless of any unresolved attorney fees issues, unless the attorney fees represent an element of damages. As a result, the time for appealing such an award of attorney fees "is not in any way linked to the time for an appeal of the underlying case." *Dawes Agency, Inc. v. Am. Prop. Mortgage, Inc.,* 804 P.2d 255, 257 (Colo.App.1990)(quoting

**908**

*Autorama Corp. v. Stewart,* 802 F.2d 1284, 1286 (10th Cir.1986)).

Thus, where the trial court has granted attorney fees in its judgment on the merits, but has deferred ruling on the amount of the award, a separate timely notice of appeal to be filed on all issues related to attorney fees after the award is reduced to a sum certain. *See M Life Ins. Co. v. Sapers & Wallack Ins. Agency, Inc.,* 40 P.3d 6, 15 (Colo.App.2001), *overruled on other grounds by Pueblo Bancorporation v. Lindoe, Inc.,* 63 P.3d 353 (Colo.2003).

A trial court may also address a claim for attorney fees raised for the first time after judgment. *Pagosa Lakes Prop. Owners Ass'n v. Caywood,* 973 P.2d 698 (Colo.App. 1998). However, a postjudgment motion for attorney fees is not a C.R.C.P. 59(e) motion, although it must comply with C.R.C.P. 121 § 1–22. *Roa v. Miller,* 784 P.2d 826 (Colo. App.1989); *cf. Echols v. Parker,* 909 F.2d 795 (5th Cir.1990).

Here, plaintiffs' request for attorney fees under § 38–33.3–123(1) in the Omnibus Motion was a new request that could not be granted under C.R.C.P. 59. Thus, that portion of the motion did not toll the time for filing an appeal of the November 27 order.

However, plaintiffs' Omnibus Motion also requested that the trial court reconsider its ruling denying plaintiffs' previous request for attorney fees under § 13–17–102. Because the trial court had already denied that request in its November 27 order, plaintiffs could appropriately file a C.R.C.P. 59 motion directed at the denial. *See Ramsey v. Colonial Life Ins. Co.,* 12 F.3d 472, 477 (5th Cir.1994). Thus, the portion of the Omnibus Motion directed at denial of attorney fees under § 13–17–102 tolled the time for filing the notice of appeal as to all matters resolved by the November 27 order as provided in C.R.C.P. 59.

In sum, we hold that a timely C.R.C.P. 59 motion requesting reconsideration of the trial court's completed post-trial ruling on an attorney fees issue—either a denial of attorney fees or a grant of attorneys fees that is reduced to a sum certain—will toll the time for filing the notice of appeal concerning all issues finally resolved by the court, as provided in C.R.C.P. 59 and C.A.R. 4(a). Because plaintiffs' March 25, 2003, notice of appeal from the trial court's November 27, 2002, order was filed within forty-five days of February 10, 2003, the date the C.R.C.P. 59 portion of the Omnibus Motion was deemed denied, it was timely filed as to that order.

Plaintiffs' petition for rehearing is granted, and their appeal from the November 27, 2002, order is reinstated.

Chief Judge DAVIDSON and Judge ROY concur.