Michael S. FANG, Plaintiff–Appellee,

v.

SHOWA ENTETSU CO., LTD., a Japanese corporation, and SPF Corporation of America, a Colorado corporation, Defendants–Appellants.

No. 02CA0836.

Colorado Court of Appeals, Div. I.

Nov. 20, 2003.

Rehearing Denied Jan. 15, 2004.

Certiorari Denied June 14, 2004.

Faegre & Benson LLP, Laurence W. De-Muth, III, Jennifer Sullivan, Boulder, Colorado, for Plaintiff–Appellee.

Osgood & Harris, LLC, Steven E. Harris, Boulder, Colorado, for Defendants–Appellants.

Opinion by Chief Judge DAVIDSON.

Defendants, Showa Entetsu Co., Ltd., and SPF Corporation of America, appeal from the trial court's judgment awarding attorney fees and costs to plaintiff, Michael S. Fang. We affirm and remand for an award of appellate attorney fees.

This action arose out of plaintiff's termination of employment with defendants. In 1991, plaintiff and the executive vice president of Showa entered into a two-page employment agreement. This agreement was for an indefinite period of time, but provided, "This agreement may be terminated by the employer by giving 30 days advance written notice to the employee. In this case, the employer will compensate the employee equivalent of two years compensations as listed in the appendix."

· Plaintiff's compensation consisted of a base salary with annual cost of living and merit raises, year-end bonus, vacation time, medical insurance, life insurance, disability insurance, and matching contributions to his retirement account. He also received a one-time signing bonus of $30,000.

Plaintiff was employed by defendants to "set up and run its branch office in the U.S.A., and to provide support and expertise for the Far East market." However, instead of a branch office, SPF Corporation of America was formed, and plaintiff served as its president until he was fired in 1999. At that time, his base salary was $155,144 per year. Defendants terminated plaintiff's employment without giving him thirty days written notice or paying him severance as provided in the employment agreement.

Plaintiff filed this lawsuit in October 1999. After a bench trial, the trial court entered judgment for plaintiff in the amount of $386,853.99 on the underlying claim, which has been affirmed in a separate appeal. *Fang v. Showa Entetsu Co.*, 2003 WL 22754160 (Colo.App. No. 02CA0296, Nov. 20, 2003)(not published pursuant to C.A.R. 35(f)). The trial court subsequently awarded attorney fees and costs to plaintiff under the applicable version of the Colorado Wage Claim Act (CWCA). This appeal followed.

## I.

Defendants first contend that the trial court erred when it found that plaintiff's damages constituted wages under the CWCA. Under the applicable version of the statute, we do not agree.

We review a trial court's legal conclusions de novo. *Turnbaugh v. Chapman*, 68 P.3d 570, 572 (Colo.App.2003).

The purpose of the CWCA is to ensure that wages are paid in a timely manner and to provide adequate judicial relief in the event wages are not paid. The CWCA should be liberally interpreted to serve its purpose. *Montemayor v. Jacor Communications, Inc.*, 64 P.3d 916, 923 (Colo.App. 2002). An employer is liable under the CWCA if the employer does not pay an employee wages he or she earned at the time of discharge. *Lee v. Great Empire Broad., Inc., supra*, 794 P.2d at 1034.

Pursuant to the version of the CWCA applicable here, wages or compensation were defined as:

*all amounts for labor or service performed by employees,* whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other

method of calculating the same or whether the labor or service is performed under contract, subcontract, partnership, subpartnership, station plan, or other agreement for the performance of labor or service if the labor or service to be paid for is performed personally by the person demanding payment.

Colo. Sess. Laws 1959, ch. 167, § 2(1) at 537–38 (formerly codified at § 8–4–101(9); now codified with amendments at § 8–4–101(8)(a)(I), C.R.S.2003)(emphasis added).

Under that definition, courts considered several factors to determine whether payment sought by a discharged employee constituted wages or compensation, including whether the payment is "both vested and determinable as of the date of termination." *See Rohr v. Ted Neiters Motor Co.,* 758 P.2d 186, 188 (Colo.App.1988)(quoting *Hartman v. Freedman,* 197 Colo. 275, 280, 591 P.2d 1318, 1322 (1979); applying factors to conclude that bonus earned as of termination constituted wages or compensation under the former § 8–4–101(9)); *cf.* § 8–4–101(8)(a)(I), C.R.S.2003 (wages and compensation must be "earned, vested, and determinable").

■ For purposes of the CWCA, compensation is earned "if it is vested pursuant to an employment agreement at the time of an employee's termination." *Barnes v. Van Schaack Mortgage,* 787 P.2d 207, 209 (Colo. App.1990).

■ In the absence of controlling statutory provisions, severance payments are generally viewed as consideration for past services. *See Moore v. Digital Equip. Corp.,* 868 P.2d 1170, 1171 (Colo.App.1994)(superseded on other grounds by § 8–73–110, C.R.S.2003). Not all severance payments, however, constitute compensation. For example, in *Wank v. Saint Francis College,* 740 N.E.2d 908 (Ind. Ct.App.2000), after the plaintiff's employment was terminated because of a merger, the defendant offered the plaintiff a severance package in acknowledgment of his years of service. The court held that the severance pay offered was not a wage under the Indiana Wage Payment Statute because it was not part of the plaintiff's terms of employment or connected to the work he had performed, but instead was "a discretionary, gratuitous benefit offered to employees as an act of benevolence." *Wank v. Saint Francis Coll., supra;* 740 N.E.2d at 913.

■ Unlike *Wank,* however, plaintiff's severance payment here was not a gift. Plaintiff's employment agreement required defendants to pay him a sum certain—two times his ending salary—if they terminated him. In addition, the employment agreement did not require him to perform any other service. Thus, plaintiff's severance payment was determinable and vested upon entering the contract, payable under the contract upon termination. *See Black's Law Dictionary* 1557 (7th ed.1999)(defining vested as "a completed consummated right for present or future enjoyment; not contingent; unconditional; absolute").

Accordingly, because plaintiff's severance pay was vested and determinable at the date of discharge, the trial court properly concluded that, under the applicable version of the CWCA, plaintiff's severance pay constituted wages. *See Rohr v. Ted Neiters Motor Co., supra; see also Hartman v. Freedman, supra* (vacation pay falls within definition of wages or compensation); *Montemayor v. Jacor Communications, Inc., supra* (stock options may be considered compensation under CWCA); E.S. Lipstein, *Civil Actions Under the Colorado Wage Claim Act,* 28 Colo. Law. 65, 66 (Feb.1999).

We note that effective August 6, 2003, § 8–4–101 was amended to specifically *exclude* severance pay as wages or compensation. Section 8–4–101(8)(b), C.R.S.2003. However, the General Assembly, when amending the CWCA, is presumed to be aware of existing law setting forth the factors relevant to a determination of wages or compensation under that act. *See Vaughan v. McMinn,* 945 P.2d 404 (Colo.1997)(General Assembly is presumed cognizant of the judicial precedent in a particular area when it enacts legislation in that area). Thus, by the amendment, the General Assembly appears to acknowledge that a severance payment like plaintiff's here could constitute wages or compensation under the previous version of the statute. *See* Hearings on H.B. 1206 before the House

Business Committee, 64th General Assembly, first session (March 20, 2003).

## II.

Defendants contend the trial court erred when it awarded plaintiff attorney fees under the CWCA because plaintiff's complaint alleged only a claim for breach of contract and he failed to allege a wage claim until after judgment on the merits had been entered. We disagree.

Plaintiff's complaint included a general request for attorney fees. After the trial on the merits, the court reserved ruling on the issue of attorney fees and requested that plaintiff submit a statement of the law he believed entitled him to an award of fees. Plaintiff then filed a memorandum stating that the severance pay award constituted wages under the CWCA and, therefore, he was entitled to fees under that act. Defendants responded that the request for fees was improper and that plaintiff's severance package did not constitute wages under the CWCA. The trial court concluded that, while plaintiff had not alleged that the severance payment constituted wages under the CWCA in his complaint, plaintiff had properly asserted a request for fees under the CWCA. We agree with the trial court.

If an employer terminates an employee, the wages or compensation for labor or services earned and unpaid at the time of discharge is due and payable immediately. Colo. Sess. Laws 1993, ch. 192, § 8–4–104(1) at 869 (now codified with amendments at § 8–4–109(1)(a), C.R.S.2003). Under the applicable version of the CWCA, if an employee filed a civil action to recover or collect wages and penalties due as provided by certain sections of the CWCA, the judgment must "include a reasonable attorney fee in favor of the winning party, to be taxed as part of the costs of the action." Colo. Sess. Laws 1967, ch. 398, § 80–8–14 at 861 (formerly codified at § 8–4–114; repealed Colo. Sess. Laws 2003, ch. 286, § 2 at 1863).

Thus, under the former § 8–4–114, reasonable attorney fees were awarded to the winning party whenever it was necessary for an employee to bring an action to recover wages. *See Hartman v. Freedman, supra.* Here, because it was necessary for plaintiff to file this action to recover his severance payment provided in the employment agreement, as the successful party he was entitled to reasonable attorney fees. *See Lee v. Great Empire Broad., Inc.,* 794 P.2d 1032, 1037 (Colo.App.1989).

Defendants' argument to the contrary notwithstanding, we agree with the trial court that plaintiff's failure to specify in his complaint the precise statute on which his claim was based did not prevent him from seeking attorney fees provided under the CWCA. Under C.R.C.P. 8(a), plaintiff was only required to put defendants on notice that he was seeking damages and reasonable attorney fees for defendants' failure to pay severance as provided in the employment agreement. *Cf. Hofer v. Polly Little Realtors, Inc.,* 37 Colo.App. 86, 543 P.2d 114 (1975).

Similarly, pursuant to C.R.C.P. 8(a), a plaintiff should be awarded all the relief to which he is entitled under the facts set forth in the complaint, regardless of the specific claim pleaded and the specific relief sought. *See also Tisdel v. Bd. of County Comm'rs,* 621 P.2d 1357, 1360 (Colo.1980)("If the plaintiff is entitled to relief under the allegations of the complaint, the court may grant it regardless of the specific remedy requested.").

■ Furthermore, a trial court may rule on a request for attorney fees under a theory raised for the first time after judgment. *See Jensen v. Runta,* 80 P.3d 906, 907, 2003 WL 22208422 (Colo.App. No. 03CA0611, Sept. 25, 2003)(post-judgment motion for attorney fees pursuant to Colorado Common Interest Ownership Act, § 38–33.3–123(1), C.R.S.2003, not requested in the complaint or at trial, constituted a new request, not a motion under C.R.C.P. 59(e)); *see also Pagosa Lakes Prop. Owners Ass'n v. Caywood,* 973 P.2d 698, 703 (Colo.App.1998)(even when the complaint does not request attorney fees, if such an award is authorized by statute based on the achievement of a successful result and is for services in conjunction with the litigation, the propriety of the award may be determined after the litigation is completed and the result known).

■ Here, according to the record, defendants had ample opportunity to challenge plaintiff's entitlement to fees. The entire trial focused on whether plaintiff was entitled to receive his severance payment. And, posttrial, each party fully briefed, argued, and presented evidence on the issues whether plaintiff could be awarded fees under the CWCA and, if so, whether those fees were reasonable.

*Township Homeowners Ass'n v. Arapahoe Roofing & Sheet Metal Co.,* 844 P.2d 1316 (Colo.App.1992), on which defendants rely, instead supports plaintiff's position. In that case, the trial court awarded attorney fees to the defendants under § 13–17–101, et seq., C.R.S.2003, because the plaintiff presented no evidence to justify its request for attorney fees set forth in the complaint. In reversing that award, the division concluded that a general request for attorney fees in the prayer clause of a complaint is not a claim for relief that could be frivolous or groundless, but merely provides notice that such fees may be sought, depending on the outcome of the case. Similarly, here, plaintiff's request for fees in his prayer for relief sufficiently apprised defendants that, if plaintiff successfully received his severance pay, attorney fees might be sought.

### III.

Finally, defendants contend the trial court erred by failing to proportionately reduce the award of attorney fees because of a trial continuance. We disagree.

■ The determination of the reasonableness of attorney fees is a question of fact for the trial court, and its ruling will not be reversed on appeal unless it is manifestly erroneous or not supported by the evidence. In awarding attorney fees, a trial court may consider several factors, including (1) the amount in controversy; (2) the time required to effectively represent the client; (3) the complexity of the case; (4) the value of the legal services to the client; and (5) the customary practice in the legal community regarding fees in similar cases. *Porter v. Castle Rock Ford Lincoln Mercury, Inc.,* 895 P.2d 1146, 1150 (Colo.App.1995).

■ Here, the continuance, to which the parties stipulated, was necessitated because of plaintiff's medical emergency. The trial was rescheduled, and in the interim, plaintiff's first trial counsel retired.

Although defendants emphasize that the continuance was due to no fault of their own, we agree with plaintiff that, under the circumstances here, that fact was irrelevant to the determination of a reasonable fee. Moreover, although defendants argued that the replacement of plaintiff's first trial counsel resulted in duplicate billing, plaintiff presented expert testimony that all the requested fees were reasonable, that counsel always must again prepare for trial whenever a trial is continued, and that the expert saw no repeat billings due to the continuance.

We conclude that the court was not required to reduce the award because of the continuance. Moreover, the record supports the trial court's other factual determinations concerning reasonableness. Thus, we find no basis for reversal. *See Porter v. Castle Rock Ford Lincoln Mercury, Inc., supra.*

Based on our disposition, we need not address defendants' remaining arguments. However, we agree with plaintiff that pursuant to the former § 8–4–114, he also must be awarded attorney fees incurred in this appeal.

Accordingly, the judgment is affirmed, and the case is remanded to the trial court to determine an award of additional attorney fees for this appeal.

Judge DAILEY and Judge LOEB concur.