24CA1095 Nolly v Ameristar 06-12-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1095
Gilpin County District Court No. 24CV30009
Honorable Todd L. Vriesman, Judge

---

James Nolly,

Plaintiff-Appellant and Cross-Appellee,

v.

Ameristar Casino Black Hawk, LLC,

Defendant-Appellee and Cross-Appellant.

---

JUDGMENT REVERSED, ORDER VACATED,
AND CASE REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE LUM
Román, C.J., and Bernard*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 12, 2025

---

Law Offices of Brian D. Gonzales, PLLC, Brian D. Gonzales, Fort Collins, Colorado; Hood Law Office, PLLC, Alexander Hood, Denver, Colorado, for Plaintiff-Appellant and Cross-Appellee

Littler Mendelson, P.C., Jennifer S. Harpole, David C. Gartenberg, Maria-Jose Malaver-Reyes, Denver, Colorado, for Defendant-Appellee and Cross-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Plaintiff, James Nolly, appeals the district court's entry of judgment dismissing his complaint against defendant, Ameristar Casino Black Hawk, LLC (Ameristar).  Ameristar cross-appeals the district court's order declining to award attorney fees.

¶ 2    We reverse the judgment, vacate the order, and remand for further proceedings.

## I.    Background

¶ 3    Nolly works as a card dealer on the floor of Ameristar's casino. He and the other card dealers rotate tables every thirty minutes. After rotating through all the tables, Nolly receives an uncompensated thirty-minute meal period, after which he returns to the rotation on the floor.

¶ 4    Nolly filed a class action complaint against Ameristar, asserting that Ameristar violated the meal period regulations established in the Colorado Overtime and Minimum Pay Standards Order (COMPS Order).[1]  COMPS Order No. 37, Rule 5.1, 7 Code

---

[1] The COMPS Order is implemented by the Colorado Department of Labor and Employment.  COMPS Order No. 37, Rule 1, 7 Code Colo. Regs. 1103-1 (effective Jan. 1, 2021).  It "regulates wages, hours, working conditions, and procedures for all employers and employees for work performed within Colorado" (with exemptions for certain types of employees not relevant here).  *Id.* at Rule 2.1.

Colo. Regs. 1103-1 (effective Jan. 1, 2021). Specifically, Nolly alleged that he and the other class members were required to

- "return to the casino floor several minutes before the [thirty]-minutes were up to make sure the [card dealer] they were replacing could timely rotate to the next table, and so the person at the end of the table rotation could go on break";

- "stay on the [c]asino premises" during meal periods; and

- "walk to and from a break room that is several minutes off the casino floor" during meal periods.[2]

As a result of the meal period violations, Nolly contended that Ameristar owed him and the other class members wages that it had failed to pay. He brought three claims against Ameristar: violation of the Colorado Wage Claim Act, §§ 8-4-101 to -127, C.R.S. 2024; (2) violation of the Colorado Minimum Wage Act, §§ 8-6-101 to -120, C.R.S. 2024; and (3) civil theft.

---

[2] We read Nolly's allegation that he was required to "walk to and from [the] break room" as an allegation that he was required to eat his meals in the break room. At oral argument, counsel agreed that this allegation is subsumed within Nolly's allegation that he was required to stay on the casino premises during his meal periods.

¶ 5    Ameristar moved to dismiss the complaint under C.R.C.P. 12(b)(5) for failure to state a plausible claim for relief.  The district court granted Ameristar's motion, concluding that Nolly didn't plausibly allege a violation of the COMPS Order — and therefore, didn't plausibly allege that Ameristar failed to pay wages.[3]  Later, the court awarded Ameristar $120 in costs but declined to award it any attorney fees.

¶ 6    Nolly appeals the dismissal, and Ameristar cross-appeals the attorney fees order.

## II.    Standards of Review

### A.    Motion to Dismiss

¶ 7    "We review a C.R.C.P. 12(b)(5) motion to dismiss de novo and apply the same standards as the [district] court."  *Norton v. Rocky Mountain Planned Parenthood, Inc.*, 2018 CO 3, ¶ 7.

¶ 8    To survive a Rule 12(b)(5) motion to dismiss, "a complaint must state a claim that is plausible on its face."  *Potts v. Gaia Child., LLC*, 2024 COA 58, ¶ 15 (citing *Warne v. Hall*, 2016 CO 50,

---

[3] The district court conducted its analysis as to the Colorado Wage Claim Act claim and then dismissed the two remaining claims because they were based on the same underlying COMPS Order violations.

3

¶ 24).  "A complaint is plausible on its face if the plaintiff has pleaded facts that permit a reasonable inference that the defendant is liable for the alleged misconduct."  *Id.*  The reviewing court must accept all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *Id.*  "We will uphold the grant of a C.R.C.P. 12(b)(5) motion only when the plaintiff's factual allegations do not, as a matter of law, support the claim for relief."  *Norton,* ¶ 7.

## B.    Regulatory Interpretation

We review de novo a district court's interpretation of administrative regulations, *Brunson v. Colo. Cab Co.,* 2018 COA 17, ¶ 10, and we apply the same rules of construction as we do to statutes.  *Hamilton v. Amazon.com Servs. LLC,* 2024 CO 60, ¶ 24.

"Thus, our primary purpose in interpreting a regulation is to ascertain and effectuate the promulgating body's intent."  *Id.*  "To do this, we look first to the regulatory text, giving its words and phrases their plain and ordinary meanings."  *Id.*  We also look to the regulatory scheme as a whole "in order to give consistent, harmonious, and sensible effect to all of its parts."  *Elder v. Williams,* 2020 CO 88, ¶ 18 (describing standard of review for

statutory interpretation). "If the language of the regulation is unambiguous, then we enforce it as written." *Hamilton*, ¶ 24. "If the regulation is ambiguous, however, then we may look to other interpretive aids to discern the drafters' intent." *Id.*

¶ 11     Finally, we must liberally construe the COMPS Order to serve its purpose, which is "to ensure that wages are paid in a timely manner and to provide adequate judicial relief in the event wages are not paid." *Fang v. Showa Entetsu Co.*, 91 P.3d 419, 421 (Colo. App. 2003); *see also Brennan v. Broadmoor Hotel Inc.*, 2023 COA 53, ¶ 32.

### III.    Analysis

¶ 12     Nolly contends that the district court erred by concluding that he didn't present a plausible claim for relief. He argues that his complaint plausibly alleges a violation of the COMPS Order (and, therefore, a failure to pay wages) because Ameristar required him to (1) return to the casino floor before the end of the meal period and (2) remain on the casino premises during the meal period. We agree.

¶ 13     The COMPS Order provides that employees who have a shift longer than five hours are "entitled to an uninterrupted and duty-

free meal period of at least a [thirty]-minute duration."[4] COMPS Order No. 37, Rule 5.1, 7 Code Colo. Regs. 1103-1. "Employees must be completely relieved of all duties and permitted to pursue personal activities for a period to qualify as non-work, *uncompensated* time." *Id.* (emphasis added). The district court reasoned that if Nolly was "completely relieved of all duties" during his "duty-free" thirty minutes, the time must qualify as an uncompensated meal period under the COMPS Order. Because Nolly didn't allege that he was required to deal cards or perform other specific work duties during his meal period, the district court concluded that his complaint failed to state a claim as a matter of law.

¶ 14    However, the COMPS Order also requires employees to be compensated for "time worked." Time worked is "time during which an employee is performing labor or services for the benefit of an

---

[4] Ameristar asserts that Nolly failed to "indicate which COMPS Order he was referring to." The relevant language at issue from the COMPS Order has remained consistent since 2021, when the events in the complaint arose. *Compare* COMPS Order No. 37, Rules 1.9, 5.1, 7 Code Colo. Regs. 1103-1 (effective Jan. 1, 2021), *with* COMPS Order No. 39, Rules 1.9, 5.1, 7 Code Colo. Regs. 1103-1 (effective Jan. 1, 2024).

employer." *Id.* at Rule 1.9. An employee's time is "worked" if the employee is required "to be on the employer's premises, on duty, *or* at a prescribed workplace (but not merely permitting an employee completely relieved from duty to arrive or remain on-premises)." *Id.* at Rule 1.9.1 (emphasis added). Thus, regardless of whether an employee is required to perform specific work duties, time during which the employee is required to be "on the employer's premises" or "at a prescribed workplace" must be compensated — and therefore cannot count as part of a "non-work, uncompensated" meal period. *Id.* at Rules 1.9.1, 5.1; *see Armintrout v. People*, 864 P.2d 576, 581 (Colo. 1993) ("[W]hen the word 'or' is used in a statute, it is presumed to be used in the disjunctive sense, unless legislative intent is clearly to the contrary."); *Elder*, ¶ 18 (courts aim to construe regulatory provisions harmoniously); *see also Brennan*, ¶ 32 ("[B]ecause the [COMPS Order] is remedial in nature, its coverage must be construed broadly and its exemptions construed narrowly.").

¶ 15    Nolly alleged that he was required to be on the casino floor several minutes before his thirty-minute break ended. This allegation, if true, would mean that (1) Ameristar violated the thirty-

minute meal period requirement and (2) Nolly was entitled to compensation for the time he was required to spend on the floor (a "prescribed workplace"). COMPS Order No. 37, Rule 1.9.1, 7 Code Colo. Regs. 1103-1; *cf. HCA-HealthONE LLC v. Colo. Dep't of Lab. & Emp.*, 2020 COA 52, ¶¶ 31-37 (holding employee was entitled to compensation for duties imposed during meal periods).

¶ 16 Ameristar contends that Nolly's complaint is insufficient because he didn't allege that a specific "policy or individual" imposed this requirement — implying that Nolly merely chose to return a few minutes early from the meal periods so that he could rotate to the next shift on time. We aren't persuaded.

¶ 17 To be sure, the COMPS Order allows employers to require that employees return from meal periods *on time*, "even if the result is a 'net meal period' of slightly less than [thirty] minutes." *Sobolewski v. Boselli & Sons, LLC*, 342 F. Supp. 3d 1178, 1186 (D. Colo. 2018) (noting that "[s]ome portion of a [thirty]-minute meal period will necessarily include time to log out of and back into a time-keeping system, prepare, eat, or purchase a meal, and return to the employee's work station"). Nevertheless, we must view Nolly's allegations in the light most favorable to him. *See Potts*, ¶ 15.

Doing so, we read the complaint as alleging that Ameristar required Nolly to return to his prescribed workplace a few minutes before his thirty-minute meal period ended. Accepting this allegation as true — as we must — we conclude Nolly plausibly alleged that Ameristar violated the thirty-minute meal period requirement. *See* COMPS Order No. 37, Rule 1.9.1, 7 Code Colo. Regs. 1103-1 (requirement to be "at a prescribed workplace" is "time worked"); *cf. Sobolewski*, 342 F. Supp. 3d at 1186 (dismissing employee's meal break claims on summary judgment because no facts suggested that the employer "exert[ed] control over an employee during a meal period or requir[ed] the employees to wait by the time clock" before their meal period ended).

¶ 18    Similarly, Nolly alleged that he was "required" to remain on the casino premises during meal periods, and Ameristar responds that it merely *permitted* him to remain there. *See* COMPS Order No. 37, Rule 1.9.1, 7 Code Colo. Regs. 1103-1 (Time worked is not "merely permitting an employee completely relieved from duty to arrive or remain on-premises."). True, there's a difference between an employee who is "required" to remain on the employer's premises for the meal period simply because leaving isn't practical and an

9

employee who is subject to an affirmative "stay on premises" requirement promulgated by the employer. The latter employee's time is time worked under the COMPS Order while the former's is not. We acknowledge that Nolly's complaint could be read either way, but again, we must construe the allegations in his favor and accept them as true. *See Potts*, ¶ 15. We therefore conclude that Nolly plausibly alleged a second violation of the uncompensated meal period requirement because a requirement to remain on the premises means that the meal period is "time worked" and must be compensated. COMPS Order No. 37, Rule 1.9.1, 7 Code Colo. Regs. 1103-1; *see HCA-HealthONE,* ¶ 31.

¶ 19    For these reasons, we conclude that the district court erred by dismissing Nolly's claims. *See Potts*, ¶ 15.

## IV.   Attorney Fees

¶ 20    Because we reverse the dismissal of Nolly's complaint, we vacate the district court's order regarding attorney fees and costs, and we need not address Ameristar's cross-appeal concerning that order. *Bainbridge, Inc. v. Douglas Cnty. Bd. of Comm'rs*, 55 P.3d 271, 273-74 (Colo. App. 2002) ("[W]hen an underlying judgment is

10

reversed, an award that is dependent on that judgment for its validity is also necessarily reversed and becomes a nullity.").

## V.    Disposition

¶ 21    The judgment is reversed, and the attorney fee order is vacated.  We remand the case to the district court for further proceedings consistent with this opinion.

CHIEF JUDGE ROMÁN and JUDGE BERNARD concur.